Wu v. Sessions

BIA
Christensen, IJ
A205 806 721

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand seventeen.

PRESENT:
        JON O. NEWMAN,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

_____

ZHIMIAO WU,
        *Petitioner,*

        v.                    16-2014
                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General, Civil Division; Erica B. Miles, Senior Litigation Counsel; Anthony O. Pottinger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in remaining part.

Petitioner Zhimiao Wu, a native and citizen of China, seeks review of a May 31, 2016, decision of the BIA affirming a February 10, 2015, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhimiao Wu,* No. A205 806 721 (B.I.A. May 31, 2016), *aff'g* No. A205 806 721 (Immig. Ct. N.Y. City Feb. 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (reviewing factual findings for substantial evidence and questions of law de novo).

## I. One-Year Bar

To be eligible for asylum, an alien must provide clear and convincing evidence that his application for asylum was filed

2

within one year of his arrival in the United States, or demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances" which prevented him from filing an application within the one-year period.  8 U.S.C. § 1158(a)(2)(B), (D).  This Court lacks jurisdiction to review the agency's denial of an asylum application as untimely unless the petitioner raises a constitutional claim or question of law. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Wu has not raised a constitutional claim or question of law. Wu argues that the agency failed to consider a letter from his brother-in-law.  But, the IJ simply gave diminished weight to the letter because Wu's brother-in-law did not testify or have personal knowledge of Wu's arrival date.  The weight given to the evidence is a factual determination not subject to review. *See Boluk v. Holder*, 642 F.3d 297, 304 (2d Cir. 2011); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 332 (2d Cir. 2006); *see also Y.C.*, 741 F.3d at 334 ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

The IJ also found that Wu's testimony was internally inconsistent and inconsistent with his application.  Wu argues

3

that the IJ erred as a matter of law by not making an explicit adverse credibility determination, and that he is entitled to a presumption of credibility on appeal.  This is not a question of law because the IJ identified specific inconsistencies, and concluded that the inconsistencies undermined Wu's credibility as to the timeliness of his application.  *See Zaman v. Mukasey*, 514 F.3d 233, 237-38 (2d Cir. 2008) (concluding that IJ's specific reasons to cast doubt upon an applicant's credibility was "sufficient to qualify as an 'explicit credibility finding'").  Any challenge to inconsistency findings are factual arguments not subject to review.  *See Xiao Ji Chen*, 471 F.3d at 329, 333.

## II.  Well-Founded Fear

The agency alternatively denied asylum, as well as withholding of removal and CAT relief on the ground that Wu did not show a well-founded fear of persecution on account of his practice of Christianity.[1]  In the absence of past persecution, an applicant may establish eligibility for asylum by showing a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2).  A well-founded fear is "a subjective fear that is objectively reasonable."  *Dong Zhong Zheng v. Mukasey*,

---

1 Wu does not press any family planning-based claims in this Court.

4

552 F.3d 277, 284 (2d Cir. 2009) (quoting *Tambadou v. Gonzales*, 446 F.3d 298, 302 (2d Cir. 2006)). An applicant, like Wu, who is seeking asylum "based exclusively on activities undertaken after his arrival in the United States" must show that authorities in his country of origin are either aware of his activities, or likely to become aware of his activities to demonstrate a well-founded fear. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138, 143 (2d Cir. 2008). An applicant may show either that he would be singled out individually for persecution, or that there is a pattern or practice of persecution of persons similarly situated to him. *Id.* at 142; *see* 8 C.F.R. § 1208.13(b)(2)(iii). Wu does not argue that Chinese officials are actually aware of his Christian activities in the United States. Therefore, he must demonstrate that Chinese officials are likely to become aware that he is a practicing Christian. *Hongsheng Leng*, 528 F.3d at 143.

The agency reasonably concluded that Wu failed to establish a well-founded fear of persecution as a Christian. Wu argues that he will attend an underground church and proselytize in public, and that the agency failed to consider the implications of his intent to proselytize. In essence, Wu's claim is that

5

there is a pattern or practice of persecution of individuals who attend underground churches and proselytize. The IJ acknowledged "some amount of persecution for those who attend or lead unaffiliated or underground churches." However, the IJ reasonably concluded that the country conditions evidence did not show a pattern or practice of persecution given that millions of Christians in China practice in unregistered churches, their treatment varies by region, and some local authorities approve of or do not interfere with unregistered religious groups.

In light of the evidence that there is a large population of Christians worshipping at unregistered churches, and the lack of evidence of persecution in Wu's home province, the agency did not err in concluding that Wu did not establish an objectively reasonable fear of future persecution in China. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim because violence was not countrywide); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [a] fear is speculative at best.").

Because Wu was unable to satisfy his burden of proof for asylum, his claims for withholding of removal and CAT relief also fail; they "entail a greater likelihood of future persecution than that required for the grant of asylum." *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7